FILED

IN THE UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2015 MAY -4 AM 11: 10

CLERK DISTRICT COURT
MID DISTRICT OF FL
FLORIDA

GLENDON L. LEE

    Plaintiff,

vs.

CASE NO.: 5:15-CV-224-OC-22 PRL
DIVISION:

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Glendon L. Lee, by and through his undersigned counsel, files this Complaint against the Defendant, State Farm Mutual Automobile Insurance Company, and alleges as follows:

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. The Plaintiff, Glendon L. Lee, is a resident and citizen of the state of Florida.

3. Upon information and belief, Defendant, State Farm Mutual Automobile Insurance Company, is a foreign corporation incorporated and organized under the laws of the Illinois, licensed to do business in the State of Florida, and is a citizen of the state of Illinois pursuant to 28 U.S.C. § 1332.

4. Venue is appropriate with this Court under 28 U.S.C. §1391(a)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

5. At all times material hereto, Evelyn Slayton owned and operated a motor vehicle while traveling in Ocala, Marion County, Florida.

6. On or about April 8, 2009, Glendon L. Lee owned and operated a vehicle while traveling in Ocala, Marion County, Florida.

7. At the aforementioned time and place, Evelyn Slayton drove her vehicle into the Lee vehicle and was thereby negligent and careless in her operation of her motor vehicle.

8. As a direct and proximate result of the negligence of Evelyn Slayton, Glendon L. Lee suffered damages in the past and to be sustained in the future.

9. Defendant, State Farm Mutual Automobile Insurance Company, is an Illinois corporation which at all times material hereto engaged in business as a motor vehicle liability insurer in Florida.

10. At all material times, Defendant, State Farm Mutual Automobile Insurance Company, provided liability insurance to named insured Evelyn Slayton with limits of liability totaling $50,000.00 (Fifty Thousand and 00/100 Dollars). Said policy was in full force and effect on the date of the aforementioned accident and provided coverage to Evelyn Slayton for liability resulting from any negligence committed by her that was the proximate cause of injuries to Glendon L. Lee. The terms and conditions of its liability policy are well known to State Farm Mutual Automobile Insurance Company. The Defendant's disclosure of insurance information is attached as **Exhibit A**.

11. Evelyn Slayton complied with all of the terms and requirements of the insurance contract described above. Further, notice of the aforesaid accident was timely given to the Defendant.

12. Defendant received timely notice of the suit captioned "Glendon L. Lee vs. Evelyn Slayton," Case No.: 42-2010-CA-002206, in the Circuit Court of the Fifth Judicial Circuit in and

for Marion County, Florida. The Defendant hired counsel to defend Slayton pursuant to the terms of its insurance policy.

13. Defendant knew or should have known that the facts were sufficiently certain as to liability so that it was probable that a verdict and judgment in favor of Glendon L. Lee would be entered against Evelyn Slayton on the issue of liability and damages in that case if the claim were not settled.

14. Defendant knew or should have known that the injuries sustained by Glendon L. Lee were of such a nature that if the case were not settled, it would result in a verdict and judgment in favor of Glendon L. Lee against Evelyn Slayton in an amount in excess of the policy limits of the liability policy issued by Defendant.

15. In spite of multiple opportunities, the claim against Evelyn Slayton was not settled. On February 16, 2012, a jury returned a verdict in favor of Glendon L. Lee in the aforementioned case. The verdict is attached hereto as **Exhibit B**.

16. On September 27, 2012 a Final Judgment in the total amount of $1,105,500.00 was entered in favor of Glendon L. Lee against Evelyn Slayton. The Final Judgment is attached hereto as **Exhibit C**.

17. By virtue of the insurance contract, Defendant (through its employees and agents) had a duty to use due care in the investigation of said accident and in the handling of the claim and in evaluation of the claim for settlement purposes, and had a duty to act in good faith and give due consideration to the interests of its insured, in the negotiation and settlement of the claim and to consider all of the circumstances of the claim, and to settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.

18.     Defendant was further obligated to advise its insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment and to advise the insured of any steps she might take to avoid same.

19.     Plaintiff is a third-party beneficiary of the aforementioned contract of insurance entered into between the Defendant and the insured. Additionally, Plaintiff is a judgment creditor based upon the hereto referenced Final Judgment.

20.     Defendant breached the duty it owed to Evelyn Slayton and acted in bad faith in that, under all the circumstances, it acted in its own interests and disregarded the interests of its insured and Plaintiff, in that:

a.  It failed to accept a reasonable settlement offer and opportunity to settle this case within its policy limits when it could and should have done so, had it considered the claim as a reasonably prudent person would have if faced with the prospect of paying the entire recovery;

b.  It failed to accept a reasonable settlement offer and opportunity to settle this case within policy limits when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward the insured and with due regard for the insured's interests;

c.  It failed to exercise reasonable care and good faith in the investigation, negotiation, and attempted settlement of the claim made against its insured;

d.  It failed to advise its insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps she might take to avoid the same; and

e.  It negligently handled the investigation, evaluation, negotiation and settlement of Plaintiff's claims against its insured.

f.  It failed to minimize the potential for an excess recovery against its insured.

g. It failed to adopt and implement standards for the proper investigation and handling of claims, commensurate with the needs of the types of claims reasonably anticipated that would be presented against its insured.

h. It failed to properly train adjusters, employees and claims personnel for the types of claims which would be undertaken by those employees.

i. It failed to fully, honestly, and promptly advise its insured concerning any procedures which were available to lessen the financial impact of the underlying claim upon her.

j. It failed to defend its insured in the underlying lawsuit in accordance with the terms and conditions of the insurance policy and Florida law, including but not limited to by failing to conduct timely and proper discovery, failing to obtain all records, failing to timely and adequately communicate with the insured, and otherwise failing to adequately investigate and defend the insured through the trial of underlying case.

21. As a result of Defendant's bad faith in its handling of the claim and failure to settle the case within the policy limits, failure to properly advise its insured and failure to provide an adequate defense to the insured the aforementioned jury verdict was entered.

22. Plaintiff is entitled to recover damages as judgment creditor against the Defendant for its bad faith, including damages for the final judgment that has already been entered as well as additional damages that will be incurred in the future in the form of attorney's fees and costs pursuant to a pending motion for attorney's fees and costs in the underlying action that is anticipated to result in the entry of another final judgment in favor of the Plaintiff.

WHEREFORE, Plaintiff, Glendon L. Lee, demands judgment against Defendant for damages in the amount of $1,105,500.00 (One Million One Hundred Five Thousand and Five Hundred and 00/100 Dollars), plus pre-judgment interest at the legal rate from the date of entry of

the original Final Judgment, post judgment interest, costs associated with prosecuting this action, and any other damages recoverable by law.

### Trial By Jury

Plaintiff demands **trial by jury** on all issues so triable in this matter.

_____
**Michael S. Rywant, Esquire**
Florida Bar No.: 240354
msrywant@rywantalvarez.com
**Carla M. Sabbagh, Esquire**
Florida Bar No.: 72727
csabbagh@rywantalvarez.com
**Kerry C. McGuinn, Jr., Esquire**
Florida Bar No.: 982644
kmcguinn@rywantalvarez.com
*Rywant, Alvarez, Jones, Russo & Guyton, P.A.*
2440 S.W. 76th Street, Suite 130
Gainesville, Florida 32608
(Tel) 352-373-3700
(Fax) 352-373-3706
Attorneys for Plaintiff

# State Farm Insurance Companies



P.O. Box 9618
Winter Haven, FL 33883 9618

April 28, 2009

Millhorn Law Firm
11938 County Rd. 101 St.110
The Villages, FL 32162

RE: Claim Number:    59-A223-636
    Date of Loss:    April 8, 2009
    Our Insured:     Evelyn Slayton
    Your Client:     Glendon Lee

Dear Mr. Millhorn:

In response to your request, pursuant to Florida Statute 627.4137, please see the information below and attached.

Policy number 5588-392-59A, covering a 2002 Chrysler Town & Cou, VIN 2C8GP44312R611376 was issued to Evelyn Slayton, and was in effect on the accident date of April 8, 2009. The name of the insurer, the insured(s), and the liability coverage limits for this policy on that date were as follows:

   a. The name of the insurer:
      State Farm Mutual Automobile Insurance Company

   b. The name of each insured for Liability Coverage in accordance with policy definitions:

      Named Insured(s): Evelyn Slayton

      Other Insured(s) as defined in this policy:

   c. Liability Coverage:

      A - Bodily Injury Liability $50,000 each person/
          $100,000 each accident.

      B - Property Damage Liability $50,000 each accident



HOME OFFICES:   BLOOMINGTON, ILLINOIS 61710-0001

Evelyn Slayton
Page 2
April 28, 2009

    d. Liability policy or coverage defense reasonably believed to be applicable at the time of this statement:
       None

Umbrella or excess insurance known to the Company at this time:

    None

A copy of the above State Farm(R) policy(ies) issued to Evelyn Slayton, in effect on the date of loss is attached hereto.

Please be advised if you have any questions or concerns about this information. The claim representative assigned to this matter is Lisa Smart x89051 and may be contacted at (800) 879-2435.

Under penalties of perjury, I declare that I have read the foregoing document and attachments and the information stated therein is true and correct.

Sincerely,

*[signature]*

Gail D Baker, CPCU, Team Manager
State Farm Mutual Automobile Insurance Company


cc:  Evelyn Slayton
     9650 SE 170th PL
     Summerfield, Fl  34491-6844

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

CASE NO. 42-2010-CA-002206

GLENDON L. LEE,

        Plaintiff,

vs.

EVELYN SLAYTON,

        Defendant.

_____/

Filed in Open Court
Office of Clerk of Circuit Court
Marion County, Florida
On ___Feb. 16___ 20_12_
David R. Ellspermann, Clerk
By ___E. Bridges___ D.C.

## VERDICT

We, the jury, return the following verdict:

1. What is the total amount of any damages sustained by GLENDON L. LEE in the past for:

   a. Medical expenses in the past?    $ 70,000

   b. Lost earnings or lost working time in the past?    $ 10,500

   c. Total damages sustained in the past?    $ 80,500

2. What is the total amount of any future damages to be sustained by GLENDON L. LEE in future years for:

   a. Medical expenses over future years?    $ 300,000

   b. Lost earning ability over future years?    $ 175,000

   c. Total damages sustained in the future years?    $ 475,000

1


EXHIBIT B

3. Did GLENDON L. LEE sustain an injury, as a result of the April 8, 2009 accident that consists in whole or in part of either: (1) a significant and permanent scarring or disfigurement; or (2) an injury that the evidence shows is permanent within a reasonable degree of medical probability?

YES  X  NO _____

If your answer to Question #3 is YES, please answer Question #4 before proceeding to Question #5. If your answer to Question #3 is NO, please skip Question #4 and proceed to Question #5.

4. What is GLENDON L. LEE's total amount of damages for pain, suffering, disability, physical impairment, scarring or disfigurement, aggravation of a pre-existing condition, mental anguish, inconvenience or loss of capacity for the enjoyment of life?

a. In the past?  $ 250,000

b. In the future?  $ 300,000

5. What is the total amount of damages of the Plaintiff, GLENDON L. LEE?

(Add lines 1(c), 2(c), 4(a), 4(b))  $ 1,105,500

SO SAY WE ALL this __16__ day of February 2012.

_____
Foreperson

011950

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

CASE NO. 42-2010-CA-002206

GLENDON L. LEE,

        Plaintiff,

vs.

EVELYN SLAYTON,

        Defendant.
_____/



RECEIVED
2012 OCT -1 PM 2:41
CLERK CIRCUIT COURT
MARION COUNTY, FL.

### FINAL JUDGMENT IN ACCORDANCE WITH THE VERDICT

Pursuant to the Verdict rendered in this action on February 16, 2012 and pursuant to Plaintiff's Motion for Entry of Final Judgment in Accordance with the Verdict and Motion to Join/Add Liability Insurer to the Action/Judgment dated July 19, 2012, IT IS ADJUDGED

1. That the Plaintiff, GLENDON L. LEE, recover from Defendant, EVELYN SLAYTON, the sum of $1,105,500.00 that should bear interest, pursuant to Florida Statute § 55.03, for which let execution issue.

2. Additionally, the Court joins the Defendant's auto liability insurer, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, to this action and to the judgment pursuant to Florida Statute § 627.4136. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is joined to the extent the judgment against Defendant, EVELYN SLAYTON, is covered by the insurance policy issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to EVELYN SLAYTON, providing for bodily injury coverage in the amount of $50,000.



DAVID R ELLSPERMANN MARION COUNTY FL
CFN# 2012098634 OR BK 5748 PG 136 10/09/2012 11:17:32 AM



EXHIBIT C

3. Further, the Court hereby reserves jurisdiction to award any applicable attorney's fees and costs incurred in the Plaintiff's prosecution of this action for the purpose of entering a supplemental judgment in favor of the Plaintiff upon proper motion.

DONE AND ORDERED in Chambers at Marion County, Florida, this 27th day of Sept. 2012.

_____
HONORABLE JACK SINGBUSH
CIRCUIT COURT JUDGE, MARION COUNTY

I hereby certify that a true copy of the foregoing has been furnished by mail to: Jeffrey M. Byrd, 2620 E. Robinson Street, Orlando, FL 32803, Michael Dousky, Esq., 6224 N.W. 43rd Street Suite B, Silverleaf Office Park, Gainesville, FL 32653, and State Farm Insurance Company, P.O. Box 9618, Winter Haven, FL 33883-9618, this 22 day of July, 2012.

_____
JUDICIAL ASSISTANT